UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Theresa Wamala


      v.                               Civil No. 09-cv-304-JD
                                       Opinion No. 2010 DNH 109

City of Nashua, et al.


O R D E R

Theresa Wamala, who is proceeding pro se, brings a civil rights action against the City of Nashua, the Nashua Police Department, the Mayor of Nashua, the present and former Chiefs of Police, and Nashua police officers and supervisors. The defendants move to dismiss two of the defendant police officers and to extend the time allowed for the defendants' responses to Wamala's interrogatories. In response, Wamala objects and also moves to strike the defendants' motion for an extension of time and moves for sanctions against the defendants' counsel. The defendants object to Wamala's motions.


I.  Motion to Strike

Wamala moves to strike the defendants' motion for an extension of time to respond to her interrogatories on the ground that the motion includes false factual assertions made by the defendants' counsel. Specifically, Wamala contends that the

statement in the defendants' motion that the case was commenced on August 21, 2009, is false, because the complaint was filed on September 9, 2009, and that the statement that the defendants offered to waive service is false because Wamala did not ask for their waiver and instead paid for service.  Wamala also challenges the statement that she has not complied with discovery requirements and requests.  The defendants object, contending that Wamala failed to identify the documents allegedly in defendants' counsel's possession that show the statements are false, that Wamala failed to seek concurrence before filing her motion, and that no factual basis exists to support the motion.

The defendants are correct that Wamala failed to comply with Local Rule 7.1(c), which requires litigants to include a certification that a good faith attempt was made to obtain concurrence to the relief sought in the motion.  Although not raised by the defendants, Wamala's motion is also improper because a motion to strike pertains only to "redundant, immaterial, impertinent, or scandalous matter" that appears in a pleading.  Fed. R. Civ. P. 12(f); Arista Records LLC v. Does 1 - 27, 584 F. Supp. 2d 240, 256 n.20 (D. Me. 2008).  A motion for an extension of time is not a pleading.  See Fed. R. Civ. Pro. 7.

Wamala's objection to statements made in the motion for an extension of time is noted.  Wamala's motion to strike is denied.

II.   <u>Motion for Sanctions</u>

Wamala moves for sanctions against the defendants' counsel, contending that counsel's misstatements in the motion for an extension of time constitute misrepresentations to the court in violation of Federal Rule of Civil Procedure 11(b).  The defendants object, disputing Wamala's claim that counsel represented facts to the court which he knew to be false, contending that the motion was improper because she failed to seek concurrence, and challenging the merits of the motion because the alleged misrepresentations were immaterial.  The defendants reiterate their contention that Wamala is not complying with her discovery obligations.

Rule 11(b) provides that by signing a motion counsel certifies that, among other things, the factual contentions have evidentiary support.  <u>See</u> <u>Young v. City of Providence ex rel.</u> <u>Napolitano</u>, 414 F.3d 33, 37 & n.2 (1st Cir. 2005).  If the court concludes that a violation of Rule 11(b) has occurred, the court may impose sanctions on the person or entity responsible for the violation.  Fed. R. Civ. P. 11(c)(1).  A motion for sanctions under Rule 11(c) must be served in compliance with Rule 5, but the moving party must allow the opponent twenty-one days to withdraw or correct the challenged motion before the request for

3

sanctions is filed or otherwise presented to the court.  Fed. R.
Civ. P. 11(c)(2).

In this case, Wamala served the motion for sanctions on
counsel for the defendants on June 11, 2010, and then filed the
motion with the court on June 15, 2010.  As such, Wamala's motion
does not comply with Rule 11(c)(2) and is denied.  To avoid any
additional expenditure of resources on the sanctions issue,
Wamala also failed to show grounds to support her motion.[1]

III.  Motion to Extend Time

The defendants move for a fourteen-day extension of time to
respond to Wamala's interrogatories propounded to Chief Daniel
Conley and former Chief Timothy Hefferan.  The defendants
represent that the interrogatories were propounded to them on
April 13, 2010.[2]  Under the terms of the parties' discovery
order, the defendants represent that Conley and Hefferan had
until May 28, 2010, to respond.  The defendants state that Wamala
allowed them until June 1, 2010, to respond, that they provided

[1]Although the defendants' counsel's statement about the date
the suit was commenced was wrong and his statement about service
did not acknowledge the actual circumstances, those matters were
not material to the motion to extend time and do not provide a
basis for sanctions.

[2]In their reply, the defendants state that the plaintiff
"issued" the interrogatories on April 12, 2010.

4

most of the responsive information by that date, but that they require additional time to obtain final information and signatures from Conley and Hefferan.

In support of their motion, the defendants complain that Wamala has been slow in producing discovery to them.  To the extent the defendants are dissatisfied with Wamala's discovery responses, their remedy is to attempt to resolve the problem with her before seeking recourse from the court.  If that is unsuccessful, Federal Rule of Civil Procedure 37 provides procedures to compel cooperation in discovery.

Wamala objects to the motion to extend time based on her assertion that the motion contains false statements and because she does not want an extension of time to interfere with the summary judgment schedule.  As is noted above, to the extent the defendants' statements in the motion were false, they do not affect the substance of the motion to extend.  Under the parties' discovery plan, discovery is to be completed by September 30, 2010.  The deadline for filing motions for summary judgment is September 1, 2010.  A short extension of time to provide signatures and final information in response to Wamala's interrogatories is not likely to disrupt that schedule.

IV.   <u>Motion to Dismiss</u>

Defendants Jonathan Lehto and Thomas Bergeron move to dismiss the action against them.  Sisters Theresa and Lwiza Wamala filed separate suits, alleging civil rights claims against the Nashua police.  Their cases were consolidated, and then Lwiza voluntarily dismissed her claims.

In support of their motion to dismiss, Lehto and Bergeron contend that all of the allegations pertaining to them were part of Lwiza Wamala's suit, which has been dismissed.  They argue that because Theresa Wamala makes no allegations and brings no claims against them, they should be dismissed from the case. Theresa Wamala did not file an objection to the motion to dismiss.

Because Theresa Wamala did not include Lehto and Bergeron as defendants in her complaint and brings no claims against them, they are dismissed from the case.

Conclusion

For the foregoing reasons, the plaintiff's motion to strike (document no. 34) and her motion for sanctions (document no. 35) are denied.  The defendants' motion for an extension of time (document no. 32) is granted:  the defendants shall file their complete responses to the interrogatories propounded to Conley and Hefferan **on or before July 16, 2010.**

The defendants' motion for leave to file a reply (document no. 38) is granted, and the reply was considered in deciding the motion.

Defendants' Lehto and Bergeron's motion to dismiss (document no. 31) is granted.

The court expects the parties to make good faith efforts to avoid discovery disputes in the future.


SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

July 6, 2010

cc:  Brian J.S. Cullen, Esquire
     Theresa Wamala, pro se

7