UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Theresa Wamala</u>

    v.                                Civil No. 09-cv-304-JD

<u>City of Nashua, et al.</u>

<u>O R D E R</u>

    Theresa Wamala, proceeding pro se, brings civil rights claims against the City of Nashua, the mayor, the present and former chiefs of police, and several police officers, arising from events following a family disturbance in the Wamalas' home in September of 2006. Wamala moves for leave to amend her complaint to add a defendant, Jonathan Lehto, who was dismissed from the case in July. The defendants object.

    In support of her motion, Wamala asserts that the defendants concealed Jonathan Lehto's role in events that she contends violated her constitutional rights. She contends that she first discovered that she had a claim against Lehto based on statements in Scott Ciszek's affidavit, filed on September 1, 2010. The defendants object to the motion for leave to amend on the grounds that it is too late, that Wamala failed to include a copy of her proposed amended complaint as required by the local rule, and that claims against Lehto are futile because they are barred by the statute of limitations and fail on the merits.

Ordinarily, the court will grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). That is not the case if the amendment would be futile or would reward undue delay. Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir. 2009). Further, "after a motion for summary judgment has been filed, [] the plaintiff must demonstrate that the proposed amendments were supported by substantial and convincing evidence." Adorno v. Crowley Towing & Transp. Co., 443 F.3d 112, 126 (1st Cir. 2006).

Wamala fails to meet any of the requirements for leave to file an amended complaint at this stage of the case. As the defendants make plain, Wamala was well aware of Lehto's role in the events that form the basis of her claims long before Cisnek filed his affidavit. Her construction of discovery provided in the case does not support her claim that the defendants misled her about Lehto's role. Wamala's argument raised in her reply that she was confused because the defendants referred to Lehto as both "John" and "Jonathan" is not persuasive. Therefore, Wamala provides no basis to conclude that the defendants engaged in discovery abuses.

Motions for summary judgment are pending in this case. In addition, trial is scheduled for the period beginning on December 7, 2010. The final pretrial conference is scheduled for 9:30

a.m. on Monday, November 22, 2010.  As such, the deadline for filing pretrial materials has passed.  Wamala has not provided substantial or convincing evidence of her claims against Lehto, which is required to support leave to amend while summary judgment motions are pending.  Even if that were the case, trial is imminent, and new claims would necessarily delay the trial schedule.

## Conclusion

For the foregoing reasons, the plaintiff's motion to amend her complaint (document no. 56) is denied.

SO ORDERED.

```
                                    Joseph A. DiClerico, Jr.
                                    United States District Judge
```

November 5, 2010

cc:   Brian J.S. Cullen, Esquire
      Lwiza Wamala, pro se
      Theresa Wamala, pro se