UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Theresa Wamala

     v.                       Civil No. 09-cv-304-JD

City of Nashua, et al.


O R D E R

     Theresa Wamala, proceeding pro se, brought a civil rights action against the City of Nashua, the mayor, the present and former chiefs of police, and several police officers, arising from events following a family disturbance in the Wamalas' home in September of 2006. Following summary judgment, the only claims remaining in the case are that Detective Michael Moushegian violated Wamala's Fourth Amendment rights by detaining her at the police station and by forcing her to give a DNA sample. In anticipation of trial and before the orders on summary judgment were issued, the defendants moved, in limine, to exclude certain evidence. Wamala did not respond to the motions.


I. Motion in Limine to Exclude Medical Records

     The defendants move to prevent Wamala from introducing medical records at trial to support claims of physical, mental, or emotional harm related to the incidents on September 11 and 12, 2006. The defendants previously moved to compel Wamala to

produce certain evidence, including evidence of physical and
emotional harm.  In response, Wamala stipulated that she had not
sought or received mental health or medical treatment related to
the incidents on September 11 and 12, 2006.  The court ruled,
based on Wamala's stipulation, that no medical records existed
that pertained to harm caused by the defendants.  The court
otherwise denied the defendants' motion to compel disclosure of
Wamala's medical records.

Wamala will not be permitted to introduce mental health or
medical treatment records to prove harm related to the incidents
on September 11 and 12, 2006.


II.  <u>Motion in Limine to Exclude Articles, Media Reports, and
Internet Postings</u>

In claims that are now dismissed, Wamala alleged that police
officers violated her constitutional rights by providing her
statement about her father's sexual abuse to the public and the
media.  Wamala has submitted four articles in support of her
claims in other filings.  The defendants move to exclude all
other evidence of the statement in the media because Wamala
failed to produce any other documents containing the statements
or the location of such documents.

In response to the defendants' motion to compel discovery of documents pertaining to the allegedly defamatory statement, the court ordered Wamala either to produce documents containing the statement or to provide a specific location of the statements. The court also put Wamala on notice that failure to comply with the order could result in sanctions that would prevent Wamala from using undisclosed evidence.

Because Wamala's defamation claim and other claims related to disclosure of her statement have been resolved on summary judgment, the documents pertaining to the statement may no longer be relevant to the case. Even if Wamala were able to show relevance, she is barred from introducing any documents at trial that were not disclosed in response to the defendants' requests during discovery. See Fed. R. Civ. P. 37(c).

<u>Conclusion</u>

For the foregoing reasons, the defendants' motions in limine (documents nos. 65 and 69) are granted as is more fully explained in this order.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

November 16, 2010

cc: Brian J.S. Cullen, Esquire
    Theresa Wamala, pro se

3