```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Theresa Wamala

    v.                                         Civil No. 09-cv-304-JD

Michael Moushegian


O R D E R


    Theresa Wamala, proceeding pro se, brings civil rights claims, alleging that Detective Michael Moushegian violated her Fourth Amendment rights in interviewing her and taking a DNA sample from her on September 12, 2006.  Trial is scheduled to begin on January 4, 2011.  Wamala has filed two motions in limine.

    At the final pretrial conference, Wamala raised an issue about Moushegian's obligations to her following her interview based on an alleged police department policy.  Moushegian has filed a trial brief, addressing the policy issue.  In addition, an issue has arisen about the use of the video-tape of part of Wamala's interview with Moushegian.  The parties have filed amended final pretrial statements, and the court has drafted jury instructions, which are attached to this order for the parties' review.

I. <u>Motions in Limine</u>

Wamala moves in limine to exclude evidence "that will involve a 'trial within a trial.'" By way of explanation, she states only that evidence pertaining to Moushegian's conduct must be restricted to evidence based on personal knowledge. Personal knowledge generally is a requirement for a witness's testimony unless the witness is testifying as an expert. <u>See</u> Fed. R. Evid. 602; <u>Gomez-Gonzalez v. Rural Opportunities, Inc.</u>, --- F.3d ---, 2010 WL 4884431, at *9 (1st Cir. Dec. 2, 2010).

The court will make evidentiary rulings based on the context in which the evidence is presented at trial.

Wamala also asks the court to issue trial subpoenas for three witnesses, who are also defense witnesses. Defense counsel represents that he will make the witnesses available at trial. Therefore, based on that representation, subpoenas are not necessary.

II. <u>Video-Tape of Statement at Interview</u>

Wamala objects to having the video-tape of part of her interview with Moushegian played at trial. Moushegian contends that the video of the interview is relevant to show his own and Wamala's demeanor to counter Wamala's claims about his conduct and her reactions to his conduct during the interview process.

Wamala argues that the video-tape is prejudicial because it does not show the entire interview.

The court has reviewed the video-tape and concludes that it is relevant for the purposes Moushegian asserts. Wamala may testify about the part of the interview that is not shown on the video-tape.

III. Police Department Policy

The parties agree that Wamala arrived at the police station around 10:00 a.m. and that Moushegian's interview with Wamala concluded just before 1:00 p.m., after which she was escorted to a waiting area at the station. The parties also agree that Moushegian had no further contact with Wamala. The police log shows that Wamala remained at the station, however, until 6:25 p.m., and Wamala contends that she was not allowed to leave until 9:00 p.m.

At the final pretrial conference, Wamala argued that Moushegian was responsible for the extended time she spent at the station because police department policy requires an officer to escort a witness out of the station, which he did not do. Moushegian has filed a brief on the issue. Neither Moushegian nor his counsel has found a policy resembling the one Wamala

alleges.  Wamala has not identified the source of the policy she alleges.

In addition, as Moushegian contends, even if such a policy existed, a violation of that policy, by itself, would not amount to a violation of the Fourth Amendment.  Moushegian's failure to escort Wamala out of the station, once she was returned to the waiting area and was free to leave, does not establish that he forced her to stay against her will in violation of the Fourth Amendment.  See, e.g., Hall v. Bates, 508 F.3d 854, 857-58 (7th Cir. 2007).  Therefore, the alleged policy cannot be used as a basis for Wamala's claim, and she shall not refer to the alleged policy at trial.

IV.  Jury Instructions and Verdict Form

The court has drafted jury instructions and a verdict form for review by the parties, and Draft #1 is attached to this order.  Draft #1 may be subject to additions and deletions based on what may occur at trial and on a consideration of any requests and objections by the parties.  Any pretrial objections and requests for changes or additions must be filed on or before December 23, 2010.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motions in limine (documents no. 80 and 83) are resolved as explained in this order and are terminated.

Objections and requests pertaining to the draft jury instructions and verdict form shall be filed **on or before December 29, 2010.**

SO ORDERED.

                                        /s/ Joseph A. DiClerico, Jr.
                                        Joseph A. DiClerico, Jr.
                                        United States District Judge

December 14, 2010

Attachments
  Jury Instructions
  Verdict Form

cc:   Brian J.S. Cullen, Esquire
      Theresa Wamala, pro se